UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ORTEGAS COLEMAN** | * | |
| | * | |
| **Plaintiff,** | * | CIVIL ACTION |
| | * | |
| versus | * | CASE NO.: |
| | * | |
| **SHADRACK LONG, STERICYCLE, INC.** | * | |
| **WARD IDEALEASE, LLC,** | * | JUDGE: |
| **WELLS FARGO INS.** | * | |
| **& ABC INSURANCE** | * | |
| **CO.** | * | MAGISTRATE: |
| | * | |
| **Defendants.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

Ward Idealease, LLC ("Ward Idealease"), Stericycle, Inc. (Stericycle) and Shadrack Long ("Long") named defendants herein (and hereinafter sometimes collectively referred to as "Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of the action entitled *Ortegas Coleman versus Shadrack Long, Stericycle, Inc., Ward Idealease, LLC, Wells Fargo Insurance and ABC Insurance* Case No. 2018-8069 on the docket of the Civil District Court for Orleans Parish, Louisiana ("CDC"), to this Honorable Court.

In support of their Notice of Removal, Defendants respectfully represent that:

1. Ortegas Coleman ("Mr. Coleman" or "Plaintiff") commenced the captioned action by filing a Petition for Damages in CDC on August 14, 2018 (the "Petition").

2. Plaintiff asserts that he is "domiciled in the Parish of Orleans, State of Louisiana."[1]

3. Plaintiff further asserts that defendant Long is domiciled in "the County of Mobile, State of Alabama."[2] In fact, Mr. Long is domiciled in the County of Mobile, State of Alabama.

4. Plaintiff additionally asserts that defendant Stericycle is a "foreign corporation …."[3] In fact, Stericycle is incorporated in Delaware and maintains its principal place of business in Illinois.[4] Accordingly, Stericycle is a citizen of both Delaware and Illinois for federal diversity removal purposes.

5. Plaintiff additionally asserts that defendant Ward Idealease, LLC is a "foreign limited liability company" with two members. In fact, Ward Idealease is an Alabama limited liability company comprised of two members: William A. Ward, a citizen of the State of Alabama; and Ward International Trucks, Inc., a corporation incorporated in Delaware, who maintains its principal place of business in the State of Alabama.[5] Accordingly, Ward Idealease, LLC is a citizen of Alabama and Delaware for diversity removal purposes.

6. Plaintiff further asserts that co-defendant, Wells Fargo Insurance, Inc. ("Wells Fargo"), is "a foreign insurance company…incorporated in another State and having its principal

---

[1] See Plaintiff's Petition, p. 1, ¶ 2. Plaintiff's Petition is contained in the state court suit record that is attached to the "Listing Pursuant to 28 U.S.C. §1447(b)", which Defendants have filed into the record of this matter.
[2] *Id.*, p. 1, ¶ 3.
[3] *Id.*
[4] See reports from Delaware Secretary of State of State and Louisiana Secretary of State websites, attached hereto *in globo* as Exhibit 1.
[5] See reports from Alabama Secretary of State and Delaware Secretary of State websites, attached hereto *in globo* as Exhibit 2.

place of business in a State other than the State of Louisiana."[6]  In fact, Wells Fargo Insurance, Inc. is not an insurance company, but an insurance agency/brokerage and further is a Minnesota corporation that maintains its principal place of business in Minnesota. Accordingly, Wells Fargo is a citizen of Minnesota for all relevant purposes herein.[7]

7. According to the Louisiana Secretary of State's website, the agent for service of process for Wells Fargo Insurance, Inc. is Corporation Service Company in Baton Rouge, Louisiana.[8]

8. Wells Fargo Insurance, Inc. has not been properly served and has not appeared in the state court suit, as is shown by a review of the documents attached to the "Listing Pursuant to 28 U.S.C. § 1447(b)" (hereinafter sometimes referred to as the "Listing"), filed herein by your removing Defendants.[9] Also see *Diversified Inv. Strategies, LLC v. Lloyds of London Syndicate 2003*, No. 3:09-CV-01050, 2010 WL 11601584, at *2–3 (M.D. La. Aug. 2, 2010).

9. Plaintiff further names as a defendant: "ABC Insurance Company, …who upon information and belief is a foreign or domestic insurance company… who was [*sic*] at all times

---

[6]  See Plaintiff's Petition, p.2, ¶ 3.
[7]  See the report from the Louisiana Secretary of State Corporations website, attached hereto as Exhibit 3. See also documents from Minnesota Secretary of State website, from Minnesota Commerce Department website and report from the Sircon licensing system used by the State of Minnesota Commerce Department (who administers insurance for the State of Minnesota) to process and monitor insurers and insurance agencies and producers, attached as Exhibit 4 *in globo*; Declaration of Carol Arendall, Vice President of Global Risk Management for Stericycle, Inc., attached as Exhibit 5; and Declaration of Alejandro Evans, Stericycle Client Representative for USI, successor by merger to Wells Fargo Insurance Services Southeast, Inc., broker/agent for the Greenwich Insurance Company policy of motor vehicle liability insurance issued to Stericycle in effect on August 15, 2017, the alleged date of the incident giving rise to Plaintiff's suit, attached as Exhibit 6. See also Declaration of Molly LeVoir, Vice President and Senior Counsel for Wells Fargo Bank, N.A., an affiliate of Wells Fargo Insurance, Inc., attached as Exhibit 7.
[8]  See Exhibit 3.
[9]  A review of the service instructions on p. 7 of Plaintiff's Petition, shows that Plaintiff requested that Wells Fargo be served through the Louisiana Secretary of State. The East Baton Rouge Parish Sheriff's service return, contained in the state court suit record, said record filed in this Court simultaneously with the filing of this Notice of Removal, shows that the Sheriff served the Louisiana Secretary of State with citation and process for Wells Fargo. A review of the state court suit record shows that the record contains no service return showing service on Wells Fargo through Corporation Service Company, Wells Fargo's agent for service of process, per a review of its registration with the Louisiana Secretary of State.

relevant hereto provided a policy of liability insurance to Stericycle and /or Ward."[10] In fact, ABC Insurance Company is a fictitious name of the unnamed possible liability insurer(s) of Stericycle and/or Ward Idealease.

10. 28 U.S.C.A. § 1441 (b) provides in pertinent part: "(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, the citizenship of any liability insurers of Stericycle and/or Ward Idealease should be disregarded in determining whether this action is removable on the basis of jurisdiction under section 1332(a). See *e.g.*, *Breaux v. Goodyear Tire & Rubber Company*, Civ. A. 15-0837, 2015 WL4635566, at *2 (E.D. La. Aug. 3, 2015).

11. Defendants have attached the entire state court record to the "Listing Pursuant to 28 U.S.C. § 1447(b)", filed herewith.

12. In his Petition, Plaintiff asserts that he suffered "personal and bodily injuries including, but not limited to, injuries to the right wrist, neck and back."[11]

13. Plaintiff's Petition generally asserts several categories of damages (mental pain and suffering, physical pain and suffering, etc.) but, outside of conclusory statements, provides few factual details or explanation and does not affix any monetary value to any such alleged damages.[12]

14. Based on the foregoing, Defendants were unable to determine the amount in controversy from the face of the Petition. See, for example, *Leonard v. Sentry Select Insurance Company*, 2016 WL 1393382 (M.D.La. March 11, 2016) (finding that the "amount in controversy [wa]s not facially apparent" when the plaintiff "allege[d] broad categories of damage

---

[10] See Plaintiff's Petition, p. 2, ¶ 3.
[11] See Plaintiff's Petition, p. 6, ¶17.
[12] *Id*. at p. 6, ¶19.

… [but did] not provide any facts for determining the severity of the injuries other than the unsupported categories of damages alleged").

15. Defendants subsequently issued discovery requests to Plaintiff, but the responses Defendants received on November 16, 2018 did not sufficiently clarify the amount in controversy,[13] as Plaintiff stated that despite reasonable inquiry he could not state whether the amount in controversy was over $50,000.00 or 75,000.00.

16. The medical records Plaintiff produced indicated that MRI diagnostic testing indicated that Plaintiff had spine pathology,[14] but in responding to requests for admissions as to the amount of his claim, Plaintiff stated that he could not admit or deny that the amount of his claims was over $50,000.00 or $75,000.00, exclusive of interest and costs.[15]

17. On May 8, 2019, Plaintiff provided supplemental responses to Defendants' discovery requests wherein Plaintiff indicated that his good faith claim for damages was in excess of $75,000.00, exclusive of interest and costs.[16]

18. Upon receipt of this additional information on May 8, 2019, Defendants were provided their first opportunity to determine that the amount in controversy exceeds $75,000, exclusive of interest and costs and this Notice of Removal followed.

19. This Notice of Removal is, therefore, timely being filed within 30 days of Defendants' first opportunity to ascertain this lawsuit's removability. See 28 U.S.C. §1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed

---

[13] See "Request for Admission of Fact, Interrogatories and Request for Production of Documents" propounded by Ward Idealease and Stericycle to Plaintiff and Plaintiff's response to same, attached hereto as Exhibit 8. See in particular Plaintiff's responses to Defendants' Requests for Admissions of Fact Nos. 1 and 2 at page 4 of Plaintiff's Response.

[14] See records of Dr. Liechty, Exhibit 8, Bates numbers Plaintiff-000021-31. Defendants are not conceding that any of Plaintiff's alleged injuries were in fact caused by the subject incident.

[15] See Exhibit 8, Plaintiff's responses to Request for Admissions No. 2, at page 4 of Plaintiff's Response.

[16] See Plaintiff's Responses to Stericycle's Second Set of Requests for Admissions, Exhibit 9, in particular, response to Request No. 1.

within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

20. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000, exclusive of interest and costs. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

21. There is complete diversity of citizenship between Plaintiff, on the one hand, and Stericycle, Long and Ward on the other. Based upon his own allegations, Plaintiff is a Louisiana citizen and domiciliary. Long is an Alabama citizen and domiciliary.[17] Meanwhile, Stericycle is a Delaware corporation, with its principal place of business in Illinois, and therefore for relevant purposes herein is a citizen of the States of Delaware and Illinois. Ward Idealease, LLC is an Alabama limited liability company, whose members are William A. Ward, a citizen of Alabama and Ward International Trucks, Inc., a Delaware corporation who maintains its principal place of business in Alabama,[18] and therefore for purposes of removal is a citizen of the States of Delaware and Alabama.

22. Since Wells Fargo has not been properly served, its citizenship is not considered.

23. Since Plaintiff's allegations show that "ABC Insurance" is a fictitious insurer, the citizenship of the possible liability insurers for Stericycle and Ward Idealease are disregarded for purposes of determining the proprietary of this removal.

24. "For purposes of diversity jurisdiction, it is federal law, not state law, that

---

[17] See Declaration of Shadrack Long, attached as Exhibit 10.
[18] See Declaration of William A. Ward, attached hereto as Exhibit 11.

determines a party's citizenship." *Crescent City Pediatrics v. Bankers Ins. Co.*, 459 F.Supp.2d 510, 512 (E.D.La. 2006); *citing Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1030 (1st Cir. 1988). "Likewise, federal law governs the construction of removal statutes." *Crescent City Pediatrics*, 459 F.Supp. at 512; *citing Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991); *Grubbs v. General Electric. Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972); *Paxton v. Weaver*, 553 F.2d 936, 940-41 (5th Cir. 1977).

25. "The diversity jurisdiction statute was amended in 1964 to provide, 'in any direct action against the insurer of a policy or a contract of liability insurance … to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as of any state by which the insurer has been incorporated and of the state where it has its principal place of business.'" *Crescent City Pediatrics*, 459 F.Supp.2d at 512; citing 28 U.S.C. §1332(c)(1).

26. However, "[a] suit 'against an insurance company is only a 'direct action' under §1332(c)(1) if 'the liability sought to be imposed against the insurer could be imposed against the insured.'" *Crescent City Pediatrics*, 459 F.Supp. at 513; *citing Medical Research Centers, Inc.*, 303 F.Supp.2d at 814; *quoting Gonzalez v. Gov't Employees Ins. Group*, 2000 WL 235236 at *4 (E.D.La. Feb. 28, 2000). "Furthermore, the direct action proviso of §1332(c)(1) has the effect of denying federal diversity jurisdiction only 'in cases where the plaintiff and the defendant insurer are citizens of different states, but the plaintiff and the insured tortfeasor are citizens of the same state." *Crescent City Pediatrics*, 459 F.Supp. at 513; *citing Medical Research Centers, Inc.*, 303 F.Supp.2d at 814.

## **OVER $75,000 IN CONTROVERSY**

27. Plaintiff's May 8, 2019 responses to the *"Second Set of Requests for Admission of Facts"*, propounded to Plaintiff by defendant, Stericycle, permitted Defendants to ascertain for the first time that the amount in controversy exceeds the $75,000 threshold for federal diversity jurisdiction.[19]

28. In response to initial discovery to Plaintiff by defendants, Stericycle and Ward Idealease, consisting of a "Request for Admissions of Fact, Interrogatories and Request for Production of Documents", Plaintiff responded to requests for admissions regarding the amount claimed by Plaintiff in damages by stating that, despite reasonable inquiry, he was unable to admit or deny whether his claim for damages was in excess of $50,000.00 or of $75,000.00.[20]

29. Plaintiff also denied, in responding to Request for Admissions No. 12, that he was willing to stipulate that his damages did not exceed $75,000.00.[21]

30. In responding to defendant, Stericycle's *"Second Set of Requests for Admission of Facts"* Plaintiff admitted that his claim for damages was in excess of $75,000.00.[22]

31. In responding to defendant, Stericycle's *"Second Set of Requests for Admission of Facts"*, Plaintiff admitted that he had incurred over $16,000.00 in medicals;[23] was claiming a herniated disc in his spine resulted from the incident giving rise to Plaintiff's suit;[24] and was claiming a fractured hand had resulted from the incident giving rise to Plaintiff's suit.[25]

---

[19] Defendants attach a copy defendant, Stericycle's *"Second Set of Requests for Admission of Facts"* and of Plaintiff's responses to same as Exhibit 9, *in globo.*
[20] See Plaintiff's response to Stericycle and Ward's Requests for Admission Nos. 1 and 2, attached hereto as Exhibit 8.
[21] *Id.* See Plaintiff's response to Request for Admissions No. 12.
[22] See Exhibit 9, Plaintiff' response to Request No. 1 of defendant, Stericycle's *"Second Set of Requests for Admission of Facts".*
[23] *Id. S*ee Response No. 2.
[24] *Id.* See Response No. 3.
[25] *Id.* See Response No. 25.

32. "If removal is sought on the basis of diversity jurisdiction, then 'the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.'" *Leonard*, *supra,* 2016 WL 1393382 at *2; citing 28 U.S.C. §1446(c)(2). "If, however, the 'State practice [as is the case in Louisiana] … does not permit demand for a specific sum, removal is proper 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].'" *Leonard, supra*, citing 28 U.S.C. §1446(c)(2)(A)(ii)-(B).

33. "The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied." *Leonard, supra; citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum.'" *Leonard, supra*; *citing Luckett*, 171 F.3d at 298.

34. "If the defendant can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.'" *Leonard, supra; citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d. 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d. 1404, 1412 (5th Cir. 1995).

35. The general damages allegations in Plaintiff's Petition were insufficient to indicate the amount in controversy at the time of filing. "Because the amount in controversy [wa]s not facially apparent," removal only becomes proper once "the jurisdictional amount at the time of removal has been clarified through submission of summary judgment type evidence." *Leonard, supra*, at *3.

36. Defendants have submitted with their Notice of Removal, Plaintiff's original discovery responses, as supplemented on May 8, 2019, to establish that the amount in controversy has now been clarified by the supplemental responses to make it clear for the first time, that the amount in controversy exceeds the jurisdictional threshold.

37. The unsworn and uncertified medical records submitted by Plaintiff in response to the initial discovery propounded on Plaintiff by defendants, Stericycle and Ward Idealease, showed that Plaintiff had been diagnosed with significant medical conditions.[26] However, it was unclear, based on a review of the records, whether Plaintiff was claiming that these medical conditions were the result of the alleged incident giving rise to Plaintiff's suit; and therefore unclear whether the amount in controversy was in excess of $75,000.00. Plaintiff statements in responding to the initial set of Request for Admissions, that he could not determine whether the amount in controversy was in excess of $75,000.00, further prevented Defendants from being able to ascertain whether the amount in controversy was in excess of $75,000.00.

Only when Plaintiff responded to Stericycle's "Second Set of Requests for Admissions of Fact", stating that he was claiming in excess of $75,00.00 and was claiming that he had suffered a herniated spinal disc and a fractured hand as a result of the incident in question were Defendants first able to ascertain that the amount in controversy herein was in excess of $75,000.00.

38. Considering all of the foregoing, Defendants respectfully submit that they have established that the amount in controversy has been satisfied for purposes of this removal filing.

**REMOVAL PROCEDURE**

39. A copy of this Notice of Removal is being served upon Plaintiff through his counsel of record.

---

[26]  See e.g., Exhibit 8, pages Bates numbered: Plaintiff – 000018, 000020-23, 000028-31 and 000039.

40. A copy of this Notice of Removal shall be promptly filed with the Clerk of Civil District Court for Parish of Orleans, State of Louisiana.

41. A copy of the all records and proceedings and pleadings of the State court is attached to the "Listing Pursuant to 28 U.S.C. § 1447(b)", filed herewith.

**WHEREFORE,** Long, Stericycle and Ward Idealease, defendants herein, hereby provide notice that this action is duly removed.

Respectfully submitted:

*/s/ McNeil Kemmerly*
**DONALD E. McKAY, JR. (#14207)**
**RYAN M. CASTEIX (#31656)**
**LEOLA M. ANDERSON (#30377)**
**McNEIL J. KEMMERLY (#15000)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
Email: dmckay@leakeandersson.com
mkemmerly@leakeandersson.com
rcasteix@leakeandersson.com
landerson@leakeandersson.com

*Attorneys for Defendants, Shadrack Long, Stericycle, Inc. and Ward Idealease, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record on **June 7, 2019**, by ECF filing, by hand delivery, by telephonic facsimile transmission, by electronic submission or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

*/s/ McNeil J. Kemmerly*
McNeil J. Kemmerly