FILED

2018 AUG 14 P 4: 12

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS     CIV'L
DISTRICT COURT

STATE OF LOUISIANA

NO.: 2018 - 8069                              DIVISION: "C-10

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO
INSURANCE, AND ABC INSURANCE COMPANY

FILED:_____          _____
                                              DEPUTY CLERK
*************************************************************************

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, ORTEGAS
COLEMAN, who respectfully submit the following Petition for Damages:

I.     INTRODUCTION

1.

This cause of action arises out of a motor vehicle accident that occurred on or about August
15, 2017, in the Parish of Orleans, State of Louisiana.

II.     THE PARTIES

2.

Made Plaintiff herein is:

ORTEGAS COLEMAN ("Mr. Coleman"), a person of the full age of the majority and
resident of and domiciled in the Parish of Orleans, State of Louisiana.

3.

Made Defendants herein are:

SHADRICK LONG ("Defendant Long") a person of the full age of the majority and
resident of and domiciled in the County of Mobile, State of Alabama;

STERICYCLE, INC., (hereinafter, "STERICYCLE"), a foreign corporation upon
information and belief, was incorporated in the State of Delaware and has its principal place of
business in the State of Illinois, who upon information and belief was at all times relevant herein
the owner of the vehicle that caused the August 15, 2017, motor vehicle collision at issue and the

1

entity that employed Defendant Long while he was driving in the course and scope of his employment at the time of the August 15, 2017, motor vehicle collision;

WARD IDEALEASE, LLC, (hereinafter, "WARD"), a foreign limited liability company who upon information and belief, is comprised of a two members, both citizens of Alabama, and who upon information and belief was at all times relevant herein the owner of the vehicle that caused the August 15, 2017, motor vehicle collision at issue and the entity that employed Defendant Long while he was driving in the course and scope of his employment at the time of the August 15, 2017, motor vehicle collision;

WELLS FARGO INSURANCE, (hereinafter "WELLS FARGO"), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in a State other than the State of Louisiana and having its principal place of business in a State other than the State of Louisiana, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Long and owned by STERICYCLE and/or WARD; and

ABC INSURANCE COMPANY, (hereinafter, "ABC"), who upon information and belief is a foreign or domestic insurance company who is or is not authorized to do and doing business in the State of Louisiana, who upon information and belief was at all times relevant hereto provided a policy of liability insurance to STERICYCLE and/or WARD.

### III.   VENUE

4.

Venue in this Court is proper according to Louisiana Code of Civil Procedure, Articles 42 and 74, *et seq.* because the wrongful conduct occurred in Orleans Parish, and the Plaintiff is domiciled in Orleans Parish.

### IV.   JURISDICTION

5.

This Court has personal jurisdiction over Defendant Long, STERICYCLE, and WARD pursuant to La. R.S. 13:3201, because they (1) are a foreign entities authorized to do business in and regularly transacting business in Louisiana, (2) regularly contract to supply services in Louisiana, and (3) have minimum contacts in Louisiana such that maintenance of this suit will not

2

offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

This Court has personal jurisdiction over WELLS FARGO pursuant to La. R.S. § 13:3201 because it (1) is a foreign insurer regularly transacting business in Louisiana, (2) regularly contracts to supply insurance in Louisiana, and (3) has minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

6.

This Court has original subject matter jurisdiction over this cause of action.

## V.    FACTS OF CRASH

7.

On or about August 15, 2017, Ortegas Coleman was the operator of a 2016 Chevrolet van, traveling west on I-10 in New Orleans, Louisiana in the right most lane of travel, between the I-10/1-610 split and Elysian Fields exit.

8.

At the same date and time, Defendant Long, was driving a 2018 International Truck (VIN: 3HSDZAPR4JN632954) with an attached box trailer, west on I-10 in New Orleans, Louisiana in the left most lane of travel, between the I-10/1-610 split and Elysian Fields exit.

9.

Suddenly and without warning, Defendant Long traveled from the left most lane of travel into the right most lane of travel striking the driver's side of the Plaintiff's vehicle causing the driver's window to be blown out and extensive damage to the driver's side of the vehicle. Defendant Long failed to stop following the collision and continued traveling until a witness flagged him down.

10.

Defendant Long was cited by the New Orleans Police Department for improper lane usage.

11.

The vehicle being driven by Defendant Long was owned by STERICYCLE and/or WARD, and Defendant Long was within the course and scope of his employment with STERICYCLE and/or WARD, when he crashed into Plaintiff's vehicle.

## VI.   FAULT OF SHADRACK LONG

12.

The above described August 15, 2017, motor vehicle collision and the resulting injuries to Plaintiff were solely and proximately caused through the negligence of Defendant Long, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## VII.   FAULT OF STERICYCLE, INC.

13.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for

4

maintenance and upkeep; and/or master-servant doctrines, said STERICYCLE is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Long.

### VIII. LIABILITY OF WELLS FARGO INSURANCE

14.

WELLS FARGO, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, STERICYCLE and/ or WARD, as owner, and Defendant Long, as operator of the insured vehicle, for his negligence in connection with the August 15, 2017 motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, WELLS FARGO, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Long and STERICYCLE and/or WARD.

### IX. FAULT OF WARD IDEALEASING, LLC

15.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said WARD is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Long.

### X. LIABILITY OF ABC INSURANCE

16.

WELLS FARGO, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, STERICYCLE and/ or WARD, as owner, and Defendant Long, as operator of the insured vehicle, for his negligence in connection with the August 15, 2017 motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, WELLS FARGO, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Long and STERICYCLE and/or WARD.

## XI.   DAMAGES

### 17.

As a result of said August 15, 2017, motor vehicle collision, Mr. Coleman suffered personal and bodily injuries including, but not limited to, injuries to his right wrist, neck, and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

### 18.

Mr. Coleman's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Long and his failure to operate his vehicle in a proper, prudent, and safe manner.

### 19.

As a result of the motor vehicle collision at issue, Mr. Coleman suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a)   Past, present, and future mental pain and suffering;

b)   Past, present, and future physical pain and suffering;

c)   Past, present, and future medical expenses;

d)   Loss of enjoyment of life;

e)   Past, present, and future lost wages;

f)   Loss of earning capacity; and

g)   All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiff, Ortegas Coleman, prays that Defendants, SHADRICK LONG, STERICYCLE, INC., WARD IDEALEASING, LLC, WELLS FARGO INSURANCE and ABC INSURANCE COMPANY, be served with a copy of this Petition, and, after being duly cited to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiff and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law,

together with legal interest thereon, from the date of judicial demand until paid in full, as well as

all costs of these proceedings, and all other general and equitable relief.

Respectfully Submitted,

PANDIT LAW FIRM, LLC

BY:

JASON M. BAER (# 31609)
CASEY C. DEREUS (# 37096)
JOSHUA A. STEIN (# 37885)
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: jstein@panditlaw.com
*Counsel for Plaintiff*

**PLEASE SERVE:**

**SHADRACK LONG**
Through Louisiana Long arm statute:

730 Steelwood Court
Mobile, AL 36608

**STERICYCLE, INC**
Through its registered agent via Louisiana Long Arm Statute:

CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**WELLS FARGO INSURANCE**
Through Louisiana Secretary of State:

Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**WARD IDEALEASING, LLC**
Through its registered agent via Louisiana Long Arm Statute:

Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

7

ATTORNEY'S NAME:   Stein, Joshua A 37885
AND ADDRESS:         4207 St. Charles Ave , New Orleans, LA 70115

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2018-08069 | DIVISION: C | SECTION: 10 |
|---|---|---|

## COLEMAN, ORTEGAS

### Versus

### LONG, SHADRACK ET AL

### CITATION - LONG ARM

TO:          WARD IDEALEASING, LLC

THROUGH:   THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION
SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES _____

 a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30)

days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through

the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA August 15, 2018**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
by _____
**Tracy Lafonta, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this_____day of _____ served a copy of the within | On this_____day of _____ _____ served a copy of the within |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| ON  WARD IDEALEASING, LLC | ON  WARD IDEALEASING, LLC |
| THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY INC | THROUGH:  THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY INC |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **WARD IDEALEASING, LLC** being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.      DEPUTY      PARISH | |

| ATTORNEY'S NAME: | Stein, Joshua A 37885 |
|---|---|
| AND ADDRESS: | 4207 St. Charles Ave , New Orleans, LA 70115 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2018-08069 | DIVISION: C | SECTION: 10 |
|---|---|---|

### COLEMAN, ORTEGAS

### Versus

### LONG, SHADRACK ET AL

### CITATION

TO:        WELLS FARGO INSURANCE

THROUGH:   LOUISIANA SECRETARY OF STATE

           8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 15, 2018**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Tracy Lafonta, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON **WELLS FARGO INSURANCE** | ON **WELLS FARGO INSURANCE** |
| THROUGH: **LOUISIANA SECRETARY OF STATE** | THROUGH: **LOUISIANA SECRETARY OF STATE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said WELLS FARGO INSURANCE being absent from the |
| Mileage: $ _____ | domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER           RETURN | _____ No. _____ |
| _____          _____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

I made service on the named party through the Office of the Secretary of State on

AUG 29 2018

by tendering a copy of this document to
KATHY DARDEN
DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

VERIFIED

ID: 9992518                    Page 1 of 1

ATTORNEY'S NAME:   Stein, Joshua A 37885
AND ADDRESS:       4207 St. Charles Ave , New Orleans, LA 70115

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2018-08069 | DIVISION: C | SECTION: 10 |
|---|---|---|

## COLEMAN, ORTEGAS

### Versus

### LONG, SHADRACK ET AL

### CITATION

TO:       STERICYCLE, INC

THROUGH:  ITS REGISTERED AGENT: CT CORPORATION SYSTEM

          3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 15, 2018

Clerk's Office, Room 402, Civil Courts        CHELSEY RICHARD NAPOLEON, Clerk of
421 Loyola Avenue                             The Civil District Court
New Orleans, LA                               for the Parish of Orleans
                                              State of LA
                                              by _____
                                              Tracy Lafonta, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON **STERICYCLE, INC** | ON **STERICYCLE, INC** |
| THROUGH: **ITS REGISTERED AGENT: CT CORPORATION SYSTEM** | THROUGH: **ITS REGISTERED AGENT: CT CORPORATION SYSTEM** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **STERICYCLE, INC** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $_____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| _____ PAPER     RETURN | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 9992517                         Page 1 of 1

| | |
|---|---|
| **ATTORNEY'S NAME:** | Stein, Joshua A 37885 |
| **AND ADDRESS:** | 4207 St. Charles Ave , New Orleans, LA 70115 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2018-08069 | DIVISION: C | SECTION: 10 |
|---|---|---|
| | COLEMAN, ORTEGAS | |

**Versus**

### LONG, SHADRACK ET AL

### CITATION - LONG ARM

| | |
|---|---|
| TO: | LONG, SHADRACK |
| THROUGH: | THE LOUISIANA LONG ARM STATUTE |
| | 730 STEELWOOD COURT, MOBILE, AL 36608 |

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 15, 2018**

| | |
|---|---|
| **Clerk's Office, Room 402, Civil Courts** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
| **421 Loyola Avenue** | **The Civil District Court** |
| **New Orleans, LA** | **for the Parish of Orleans** |
| | **State of LA** |
| | **by** *Tracy Lafonta* |
| | **Tracy Lafonta, Deputy Clerk** |

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| ON  LONG, SHADRACK | ON  LONG, SHADRACK |
| THROUGH:  THE LOUISIANA LONG ARM STATUTE | THROUGH:  **THE LOUISIANA LONG ARM STATUTE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said **LONG, SHADRACK** being absent from the domicile at time of said service. |
| _____ / ENTERED / | Returned the same day |
| PAPER            RETURN | _____ No. _____ |
| _____/_____/_____ | Deputy Sheriff of _____ |
| SERIAL NO.     DEPUTY     PARISH | |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                                         DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____     DEPUTY CLERK: _____

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through counsel, comes Defendant, Stericycle, Inc. ("Stericycle"), who responds to plaintiff, Ortegas Coleman's Petition for Damages as follows:

### GENERAL DENIAL

Defendant denies each and every factual allegation and/or legal conclusion set forth in the Petition for Damages not specifically admitted hereinafter.

### ANSWER TO PETITION FOR DAMAGES

I.

The allegations of Paragraph 1 are denied for a lack of information sufficient to justify a reasonable belief therein.

II.

The allegations of Paragraph 2 are denied for lack of sufficient information.

III.

In response to the allegations of Paragraph 3, Defendant admits that Shadrick Long is a person of the full age of majority and a resident and domiciliary of Mobile, Alabama; that Stericycle, Inc. (hereinafter sometime referred to as "Stericycle") is a Delaware corporation with its principal place of business in Illinois; and that Shadrick Long was an employee of Stericycle on August 15, 2017.

Further answering this Paragraph, Defendant denies that Mr. Long caused a motor vehicle collision on August 15, 2017; and Stericycle denies that it owned the vehicle being operated by Mr. Long on August 15, 2017.

The remainder of the factual allegations contained in this Paragraph are denied for lack of sufficient information.

The legal conclusions contained in this Paragraph require no response by Stericycle, however in the event it is determined that a response is required, Stericycle denies same.

IV.

The factual allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein. The legal conclusions contained in this Paragraph require no response by Stericycle, however in the event it is determined that a response is required, Stericycle denies same.

V.

Paragraphs 5 and 6 consist entirely of legal conclusions, and, as such, require no response.  However, in the event a response is required, the allegations contained therein are denied.

VI.

The allegations of Paragraph 7 are denied for lack of information.

VII

In response to the allegations of Paragraph 8, on information and belief, Stericycle admits that Mr. Long was operating a 2018 International Truck with an attached trailer on August 15, 2017 in the City of New Orleans.

VIII.

The allegations of Paragraph 9 are denied as written.

IX.

On information and belief, Stericycle admits the allegation contained in Paragraph 10.

X.

In response to Paragraph 11, Stericycle denies that Mr. Long crashed into Plaintiff's vehicle on August 15, 2017. Further answering, Stericycle denies that it owned the vehicle operated by Mr. Long on August 15, 2017; and on information and belief admits that Ward owned the vehicle.

The remainder of this Paragraph consists of legal conclusions; and, accordingly, require no response by Stericycle. However, in the event a response is required, Stericycle denies same.

XI.

The allegations of Paragraphs 12 and 13 are denied.

XII.

In response to Paragraph 14, Stericycle denies it is at fault in any way; denies that Mr. Long is at fault in any way; denies that it owned the vehicle operated by Mr. Long on August 15, 2017; and on information and belief denies that Wells Fargo issued a policy of insurance providing coverage to Stericycle and/or Mr. Long.

The remainder of any factual allegation contained in this Paragraph, are denied for lack of sufficient information to justify a belief therein.

The legal conclusions contained in this Paragraph require no response by Stericycle; however, to the extent a response is required, same are denied.

XIII.

The factual allegations contained in Paragraphs 17-19 are denied for lack of sufficient information to justify a belief therein.

The legal conclusions contained in the Paragraphs require no response by Stericycle. In the event, a response is required, same are denied.


And now further answering, Stericycle avers:

### AFFIRMATIVE DEFENSES AND OTHER RESPONSES

Stericycle assert the following affirmative defenses and additional responses to the Petition for Damages filed by Plaintiff, Ortegas Coleman:

### FIRST AFFIRMATIVE DEFENSE

The Petition for Damages fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Stericycle avers that the claims, damages, and other relief requested or set forth in the Petition for Damages arose from the negligence and/or want of due care on the part of Plaintiff, Ortegas Coleman.

## THIRD AFFIRMATIVE DEFENSE

Stericycle avers that the claims, damages, and other relief requested or set forth in the Petition for Damages arose from the negligence and/or want of due care of on the part of parties other than Stericycle; and/or other natural and juridical persons and/or other circumstances that bar or alternatively reduce any right of recovery against Stericycle.

## FOURTH AFFIRMATIVE DEFENSE

Alternatively, any damages awarded to Plaintiff should be proportionately reduced by the percentage of fault of any and all parties or third parties.

## FIFTH AFFIRMATIVE DEFENSE

Stericycle avers that to the extent that Plaintiff make any recovery over and against it, that said recovery must be reduced on the grounds that Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Alternatively, Stericycle is entitled to a credit for any payments benefiting Plaintiff which have been made or may in the future be made by or on its behalf; or by any other party in favor of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are the result of pre-existing or subsequently occurring conditions which were unrelated to the conduct of Stericycle or any person or entity for whom it may bear responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

Stericycle hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery; and, thus, reserves the right to amend its answer to assert any such defenses.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Stericycle are barred, in whole or in part, by the principles of acquiescence, consent, amendment, modification, merger, estoppel, waiver, legal justification, license, excuse and/or privilege, transaction and compromise, payment, set off, failure or lack of consideration, and by their own particular acts and omissions.

-4-

## TENTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff failed to take reasonable or appropriate conduct in order to avoid, prevent or mitigate any damages that he alleges or claims to have suffered or sustained as described in the Petition for Damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or alternatively reduced, by the doctrine of avoidable consequences.

## JURY DEMAND

In the event Plaintiff's good faith claim for damages is in excess of the jurisdictional amount for trial by jury; Stericycle is entitled to and requests trial by jury on all issues so triable.

**WHEREFORE,** Defendant, Stericycle, Inc., prays that: (1) its Answer be deemed good and sufficient; (2) after due proceedings, judgment be granted in its favor, dismissing the Petition for Damages filed by Ortegas Coleman, against Stericycle, with prejudice and at Plaintiff's cost; (3) for trial by jury on all issues so triable; and (4) the Court grant any general, equitable or other relief to which it may be entitled.

Respectfully submitted:

**DONALD E. McKAY, JR. (#14207)**
**RYAN M. CASTEIX (#31656)**
**LEOLA M. ANDERSON (#30377)**
**McNEIL J. KEMMERLY (#15000)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700 Email:
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
Emails:
rcasteix@leakeandersson.com
dmckay@leakeandersson.com
landerson@leakeandersson.com
mkemmerly@leakeandersson.com
***Attorneys for Defendant, Stericycle, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by facsimile transmission, or by electronic transmission on September 17, 2018, at their last known address of record.

McNeil Kemmerly

CP/43255/561

-5-

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                                 DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____     DEPUTY CLERK: _____

## REQUEST FOR WRITTEN NOTICE

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Stericycle, Inc.,

who, in accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil

Procedure, requests that the Clerk of this Honorable Court provide written notice by mail at least

ten (10) days in advance of any date fixed for any trial or hearing of this cause, whether on

exceptions, rules, motions or the amendments thereof; and written notice of the signing of any

final judgment/and or the rendition of any interlocutory order or judgment in these proceedings,

as provided for in Louisiana Code of Civil Procedure Articles 1913 and 1914.

Respectfully submitted:

_____
**DONALD E. McKAY, JR. (#14207)**
**RYAN M. CASTEIX (#31656)**
**LEOLA M. ANDERSON (#30377)**
**McNEIL J. KEMMERLY (#15000)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700 Email:
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
Emails:
rcasteix@leakeandersson.com
dmckay@leakeandersson.com
landerson@leakeandersson.com
mkemmerly@leakeandersson.com
*Attorneys for Defendant, Stericycle, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record,
either by depositing a copy of same in the United States mail, first class postage prepaid, by hand
delivery, by facsimile transmission, or electronic transmission on September 17, 2018, at their
last known address of record.

-1-



F I L E D
SEP 20 2018
CLERKS OFFICE
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                     DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____     DEPUTY CLERK: _____

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through counsel, comes Defendant, Ward Idealease, LLC ("Ward"), who responds to plaintiff, Ortegas Coleman's Petition for Damages as follows:

### GENERAL DENIAL

Defendant denies each and every factual allegation and/or legal conclusion set forth in the Petition for Damages not specifically admitted hereinafter.

### ANSWER TO PETITION FOR DAMAGES

I.

The allegations of Paragraph 1 are denied for a lack of information sufficient to justify a reasonable belief therein.

II.

The allegations of Paragraph 2 are denied for lack of sufficient information.

III.

In response to the allegations of Paragraph 3, Defendant admits that Ward is a limited liability company organized under the laws of a State other than Louisiana; and that on August 15, 2017 it owned a 2018 International Truck bearing VIN: 3HSDZAPR4JN632954.

Further answering this Paragraph, Defendant denies that Mr. Long caused a motor vehicle collision on August 15, 2017.

The remainder of the factual allegations contained in this Paragraph are denied for lack of sufficient information.

-1-



R E C E I V E D
OCT - 4 2018

The legal conclusions contained in this Paragraph require no response by Ward, however in the event it is determined that a response is required, Ward denies same.

IV.

The factual allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein. The legal conclusions contained in this Paragraph require no response by Ward, however in the event it is determined that a response is required, Ward denies same.

V.

Paragraphs 5 and 6 consist entirely of legal conclusions, and, as such, require no response. However, in the event a response is required, the allegations contained therein are denied.

VI.

The allegations of Paragraph 7 are denied for lack of information.

VII

In response to the allegations of Paragraph 8, on information and belief, Ward admits that Mr. Long was operating a 2018 International Truck with an attached trailer on August 15, 2017 in the City of New Orleans.

VIII.

The allegations of Paragraph 9 are denied as written.

IX.

On information and belief, Stericycle admits the allegation contained in Paragraph 10.

X.

In response to Paragraph 11, Ward denies that Mr. Long crashed into Plaintiff's vehicle on August 15, 2017. Further answering, Ward admits that it owned the vehicle operated by Mr. Long on August 15, 2017.

The remainder of this Paragraph consists of legal conclusions; and, accordingly, require no response by Ward. However, in the event a response is required, Stericycle denies same.

XI.

The allegations of Paragraphs 12 and 13 are denied.

XII.

In response to Paragraph 14, Ward admits it owned the vehicle, but denies it is at fault in any way; denies that Mr. Long is at fault in any way; denies that Stericycle owned the vehicle operated by Mr. Long on August 15, 2017; and on information and belief denies that Wells Fargo issued a policy of insurance providing coverage to Ward.

The remainder of any factual allegation contained in this Paragraph, are denied for lack of sufficient information to justify a belief therein.

The legal conclusions contained in this Paragraph require no response by Ward; however, to the extent a response is required, same are denied.

XIII.

The factual allegations contained in Paragraphs 17-19 are denied for lack of sufficient information to justify a belief therein.

The legal conclusions contained in the Paragraphs require no response by Ward. In the event, a response is required, same are denied.

And now further answering, Ward avers:

## AFFIRMATIVE DEFENSES AND OTHER RESPONSES

Ward assert the following affirmative defenses and additional responses to the Petition for Damages filed by Plaintiff, Ortegas Coleman:

## FIRST AFFIRMATIVE DEFENSE

The Petition for Damages fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Ward avers that the claims, damages, and other relief requested or set forth in the Petition for Damages arose from the negligence and/or want of due care on the part of Plaintiff, Ortegas Coleman.

## THIRD AFFIRMATIVE DEFENSE

Ward avers that the claims, damages, and other relief requested or set forth in the Petition for Damages arose from the negligence and/or want of due care of on the part of parties other than Ward; and/or other natural and juridical persons and/or other circumstances that bar or alternatively reduce any right of recovery against Stericycle.

-3-

## FOURTH AFFIRMATIVE DEFENSE

Alternatively, any damages awarded to Plaintiff should be proportionately reduced by the percentage of fault of any and all parties or third parties.

## FIFTH AFFIRMATIVE DEFENSE

Ward avers that to the extent that Plaintiff make any recovery over and against it, that said recovery must be reduced on the grounds that Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Alternatively, Ward is entitled to a credit for any payments benefiting Plaintiff which have been made or may in the future be made by or on its behalf; or by any other party in favor of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are the result of pre-existing or subsequently occurring conditions which were unrelated to the conduct of Ward or any person or entity for whom it may bear responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

Ward hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery; and, thus, reserves the right to amend its answer to assert any such defenses.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Ward are barred, in whole or in part, by the principles of acquiescence, consent, amendment, modification, merger, estoppel, waiver, legal justification, license, excuse and/or privilege, transaction and compromise, payment, set off, failure or lack of consideration, and by their own particular acts and omissions.

## TENTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff failed to take reasonable or appropriate conduct in order to avoid, prevent or mitigate any damages that he alleges or claims to have suffered or sustained as described in the Petition for Damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or alternatively reduced, by the doctrine of avoidable consequences.

**WHEREFORE,** Defendant, Ward prays that: (1) its Answer be deemed good and sufficient; (2) after due proceedings, judgment be granted in its favor, dismissing the Petition for Damages filed by Ortegas Coleman, against Ward, with prejudice and at Plaintiff's cost; and (3) the Court grant any general, equitable or other relief to which it may be entitled.

Respectfully submitted:

**DONALD E. McKAY, JR. (#14207)**
**RYAN M. CASTEIX (#31656)**
**LEOLA M. ANDERSON (#30377)**
**McNEIL J. KEMMERLY (#15000)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700 Email:
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
Emails:
rcasteix@leakeandersson.com
dmckay@leakeandersson.com
landerson@leakeandersson.com
mkemmerly@leakeandersson.com

*Attorneys for Defendant, Ward Idealease, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by facsimile transmission, or by electronic transmission on September 19, 2018, at their last known address of record.

McNeil Kemmerly

CP/43255/561

-5-

FILED

2018 OCT -9 A 11: 42

CIVIL
DISTRICT COURT

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.:   2018-8069

DIVISION:  C-10

### ORTEGAS COLEMAN

### VERSUS

### SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO INSURANCE, AND ABC INSURANCE COMPANY

FILED: _____                    _____

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎ DEPUTY CLERK ∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned Notary Public, personally came and appeared: Stacie Coleman, who after being duly sworn, stated that on the 21st day of August, 2018, she served certified copies of the Citation and Petition for Damages in this action under the Louisiana Long Arm Statute, R.S. 13:3201, pursuant to Section 3204 of Title 13, by mailing them to the defendant, **WARD IDEALEASE, LLC,** by certified mail, return receipt requested, properly addressed and postage prepaid; that on or about August 24, 2018, the Citation and Petition for Damages were delivered to Defendant as evidenced by the attached signed return green card from the United States Postal Service.

_____
STACIE COLEMAN

SWORN TO AND SUBSCRIBED, before me this 9th day of October, 2018.

_____
JOSHUA A. STEIN, Notary Public
LA Bar Roll No. 37885
State of Louisiana
Commissioned for Life

JOSHUA A. STEIN
Notary Public
Bar No. 37885
State of Louisiana
Commission Issued for Life

VERIFIED

OCT 1 7 2018

1

FILED

2018 OCT -9 A 11: 42

CIVIL
DISTRICT COURT

Jason Baer
Pandit Law Firm
One Shell Square
701 Poydras St Suite 3950
New Orleans LA 70139-7719

PS Form 3800 6/02

**CERTIFIED MAIL**

9414 7116 9900 0485 6579 85

**RETURN RECEIPT REQUESTED**

Article Addressed To: Coleman 102.135

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☑ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

8-24-18

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City            State    ZIP + 4 Code

Corporation Service Co., Inc.
641 South Lawrence Street
Montgomery AL 36104-5809

VERIFIED

FILED

2018 OCT -9 A 11: 42

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.:   2018-8069                                    DIVISION: C-10

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO
INSURANCE, AND ABC INSURANCE COMPANY

FILED: _____                   _____
                                                        DEPUTY CLERK

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned Notary Public, personally came and appeared: Stacie

Coleman, who after being duly sworn, stated that on the 19th day of September, 2018, she served

certified copies of the Citation and Petition for Damages in this action under the Louisiana Long

Arm Statute, R.S. 13:3201, pursuant to Section 3204 of Title 13, by mailing them to the defendant,

**SHADRACK LONG, THROUGH THE LOUISIANA SECRETARY OF STATE,** by

certified mail, return receipt requested, properly addressed and postage prepaid; that on or about

September 24, 2018, the Citation and Petition for Damages were delivered to Defendant as

evidenced by the attached signed return green card from the United States Postal Service.

_____
STACIE COLEMAN

SWORN TO AND SUBSCRIBED, before me this _____ day of October, 2018.

_____                         JOSHUA A. STEIN
JOSHUA A. STEIN, Notary Public                      Notary Public
LA Bar Roll No. 37885                             Bar No. 37885
State of Louisiana                                State of Louisiana
Commissioned for Life                      Commission Issued for Life

1

VERIFIED
OCT 17 2018

FILED

2018 OCT -9 A 11: 42

CIVIL
DISTRICT COURT

Jason M. Baer
Pandit Law Firm
701 Poydras St., Ste 3950
New Orleans, LA 70139

PS Form 3800 6/02

## CERTIFIED MAIL

9414 7116 9900 0577 5126 42

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City                State      ZIP + 4 Code

**RETURN RECEIPT REQUESTED**

Article Addressed To: Coleman 102.135

Louisiana Secretary of State
Legal Services Section
PO Box 94125
Baton Rouge LA 70804-9125

VERIFIED

# MOTTA LAW FIRM, LLC

VANESSA MOTTA., ESQ.

Vanessa@Mottalaw.com

855 Baronne Street, 2nd Fl., New Orleans, LA 70113
PH: 504-500-7246

January 14, 2019

**VIA HAND DELIVERY**

The Honorable J. Gerald Dupont, Jr.
Clerk of Civil District Court
Parish of Orleans
421 Loyola Avenue
New Orleans, Louisiana 70112

      Re:   *Ortegas Coleman v Shadrack Long, et. al.*
             CDC: Docket No. 2018-8069, Division C

Dear Honorable Napoleon:

The Plaintiff would like a new Long Arm Citation reissued for Shadrack Long for the above matter. The correct address is:

      Mr. Shadrack Long
      27669 Annabelle Lane
      Daphane, Alabama

Thank you for your assistance and courtesies. If you have any questions, please do not hesitate to contact me.

Sincerely,

Chris E. Yount
CEY

FILED
2019 JAN 15 A 11: 37
CIVIL DISTRICT COURT

VERIFIED
Christopher Chief
1/15/19



FILED
JAN 31 2019
CLERK'S OFFICE
CIVIL DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 18-8069                                   DIVISION "C-10"

**ORTEGAS COLEMAN**

**VERSUS**

**SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY**

FILED: _____   _____
                                          **DEPUTY CLERK**

### SHADRACK LONG'S EXCEPTION OF INSUFFICIENY OF
### SERVICE OF PROCESS EXCEPTION OF LACK OF PERSONAL JURISDICTION

NOW INTO COURT, through undersigned counsel comes Exceptor Shadrack Long ("Long"), who, for the following reasons, respectfully submits that plaintiff sought to serve him through the La. Secretary of State in this matter. This service is inappropriate. Accordingly, for the reasons detailed below, pursuant to La. Code of Civil Procedure articles 920, *et seq.*, and La. R.S. 13:3474, *et seq.*, service upon the La. Secretary of State, only, is inappropriate. Thus, this Honorable Court lacks personal jurisdiction over Long. And, as such, has no power to resolve plaintiff's demands.

Respectfully submitted:

_____
DONALD E. McKAY, JR. (#14207)
LEOLA M. ANDERSON (#30377)
McNEIL J. KEMMERLY (#15000)
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700 Email:
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
Emails:
dmckay@leakeandersson.com
landerson@leakeandersson.com
mkemmerly@leakeandersson.com
*Attorneys for Exceptor Shadrack Long*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by facsimile transmission, or by electronic transmission on January 31, 2019, at their last known address of record.

_____
LEOLA M. ANDERSON



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                                    DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____        _____
                                                        DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF SHADRACK LONG'S EXCEPTION OF INSUFFICIENCY OF SERVICE OF PROCESS AND EXCEPTION OF LACK OF PERSONAL JURISDICTION

MAY IT PLEASE THE COURT:

Exceptor Shadrack Long submits the following memorandum in support of his Exception of Insufficiency of Service and Exception of Lack of Personal Jurisdiction and requests this Honorable Court to recognize its lack of personal jurisdiction due to Plaintiff's failure to appropriately serve him with the Petition for Damages as a matter of law.

### FACTUAL BACKGROUND

This lawsuit arises as a result of an alleged August 15, 2017 merger motor vehicle accident that occurred between Plaintiff-driver Oretgas Coleman ("Coleman") and Exceptor Shadrack Long ("Long"), who is employed by Stericycle, on I-10 West near the I-610 westbound split. Exceptor, Long was operating a 2018 International Truck with 2012 Great Dane Utility trailer owned by his employer Stericycle. Exceptor denies there was an accident and strenuously disputes any fault for this alleged accident.

### LAW & ARGUMENT

It is well settled that service on an individual may be made either personal or domiciliary, or on a representative as appointed by the court, operation of law, or by mandate. *See* C.C. P Arts. 1231 & 1235.

This suit was filed on August 15, 2018. Personal service of the Petition for Damages was requested upon Exceptor Long via Long-Arm Statute at an address in Mobile, Alabama. *See* Exhibit "A". Service was never accomplished upon Long at the requested address.

2

Subsequently, without appropriate citation, plaintiff executed an Affidavit attesting that service was "accomplished" upon Long by certified mail through the Louisiana Secretary of State. *See* Exhibit "B".

As an individual, service is only appropriate upon Exceptor Long personally or domiciliary, or on a representative as appointed by court, operation of law, or by mandate. *See* La. Code of Civil Procedure article 1231, *et seq.*

But, as an out-of-state residence, service may be accomplished upon Exceptor Long through the La. Secretary of State pursuant to La. R.S. 13:3474 as a default agent. *But,* when service is so accomplished, plaintiff is equally required to serve the Petition for Damages and Citation via mail, which has not been done. Moreover, there is no evidence that a citation was actually issued to the La. Secretary of State.

Assuming for purposes of this Exception that citation was issued to the La. Secretary of State, that assumed fact does not correct the deficient service. Specifically, it has been held that "[i]n the event of service of process on Secretary of State in automobile negligence action against nonresident motorists, the nonresidents are entitled to notice of the service, together with copy of petition and citation by registered mail or actual delivery." *Taylor v. Bush*, 104 So.2d 433 (La. 1st Cir. 6/30/58); *See also* La. R.S. 13:3474. Accordingly, plaintiff's effort herein to serve Exceptor Long is insufficient. Thus, this Exception of Insufficiency of Service of Process and Lack of Personal Jurisdiction should be granted.

## CONCLUSION

For the reasons articulated above, Exceptor Long respectfully submits that his Exception of Insufficiency of Service of Process and Lack of Personal Jurisdiction should be granted because plaintiff's effort to serve him was inappropriate.

*Signature block to follow on next page:*

Respectfully submitted:

DONALD E. McKAY, JR. (#14207)
RYAN M. CASTEIX (#31656)
LEOLA M. ANDERSON (#30377)
McNEIL J. KEMMERLY (#15000)
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700 Email:
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
Emails:
rcasteix@leakeandersson.com
dmckay@leakeandersson.com
landerson@leakeandersson.com
mkemmerly@leakeandersson.com
*Attorneys for Exceptor Shadrack Long*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by facsimile transmission, or by electronic transmission on January 31, 2019, at their last known address of record.

LEOLA M. ANDERSON

4



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                     DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____       _____
                                          DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the foregoing Exception of Insufficiency of Service of Process with
incorporated memorandum in support

IT IS ORDERED that, plaintiff herein, Ortegas Coleman, show cause on the ____ day of
MAR 2 9 2019
_____, 2019, at __9__ o'clock a.m., why an order should not be rendered herein granting

Exceptor Shadrack Long's Exception of Insufficiency of Service of Process

New Orleans, Louisiana, this _____ day of _____, 2019.
                                                 FEB 1 5 2019

/S/

D. GOURRIER
CRIER - DIVISION "C"
Civil District Court
421 Loyola Ave., Room 306
New Orleans, LA 70112
504-407-0220

HONORABLE SYDNEY CATES JUDGE
DISTRICT CT.

<u>PLEASE SERVE:</u>
Ortegas Coleman
through his Attorney of record,
Jason M. Baer (#31609)
Casey C. Dereus (#37096)
Joshua A. Stein 9#37885)
**PANDIT LAW FIRM**
701 Poydras Street, Suite 3950
New Orleans, Louisiana  70139

5

A TRUE COPY
DEPUTY CLERK/CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.



CLERKS OFFICE
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2018 - 8069                      DIVISION: " C

ORTEGAS COLEMAN                       SECTION 10

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO
INSURANCE, AND ABC INSURANCE COMPANY

FILED:_____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, ORTEGAS

COLEMAN, who respectfully submit the following Petition for Damages:

I.   INTRODUCTION

1.

This cause of action arises out of a motor vehicle accident that occurred on or about August

15, 2017, in the Parish of Orleans, State of Louisiana.

II.   THE PARTIES

2.

Made Plaintiff herein is:

ORTEGAS COLEMAN ("Mr. Coleman"), a person of the full age of the majority and a

resident of and domiciled in the Parish of Orleans, State of Louisiana.

3.

Made Defendants herein are:

SHADRICK LONG ("Defendant Long") a person of the full age of the majority and

resident of and domiciled in the County of Mobile, State of Alabama;

STERICYCLE, INC., (hereinafter, "STERICYCLE"), a foreign corporation upon

information and belief, was incorporated in the State of Delaware and has its principal place of

business in the State of Illinois, who upon information and belief was at all times relevant herein

the owner of the vehicle that caused the August 15, 2017, motor vehicle collision at issue and the

1

EXHIBIT
"A"

VERIFIED
—Isaey delonta 08.15.18

entity that employed Defendant Long while he was driving in the course and scope of his employment at the time of the August 15, 2017, motor vehicle collision;

WARD IDEALEASE, LLC, (hereinafter, "WARD"), a foreign limited *liability company* who upon information and belief, is comprised of a two members, both citizens of Alabama, and who upon information and belief was at all times relevant herein the owner of the vehicle that caused the August 15, 2017, motor vehicle collision at issue and the entity that employed Defendant Long while he was driving in the course and scope of his employment at the time of the August 15, 2017, motor vehicle collision;

WELLS FARGO INSURANCE, (hereinafter "WELLS FARGO"), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in a State other than the State of Louisiana and having its principal place of business in a State other than the State of Louisiana, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Long and owned by STERICYCLE and/or WARD; and

ABC INSURANCE COMPANY, (hereinafter, "ABC"), who upon information and belief is a foreign or domestic insurance company who is or is not authorized to do and doing business in the State of Louisiana, who upon information and belief was at all times relevant hereto provided a policy of liability insurance to STERICYCLE and/or WARD.

## III.   VENUE

### 4.

Venue in this Court is proper according to Louisiana Code of Civil Procedure, Articles 42 and 74, *et seq.* because the wrongful conduct occurred in Orleans Parish, and the Plaintiff is domiciled in Orleans Parish.

## IV.   JURISDICTION

### 5.

This Court has personal jurisdiction over Defendant Long, STERICYCLE, and WARD pursuant to La. R.S. 13:3201, because they (1) are a foreign entities authorized to do business in and regularly transacting business in Louisiana, (2) regularly contract to supply services in Louisiana, and (3) have minimum contacts in Louisiana such that maintenance of this suit will not

2

offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

This Court has personal jurisdiction over WELLS FARGO pursuant to La. R.S. § 13:3201 because it (1) is a foreign insurer regularly transacting business in Louisiana, (2) regularly contracts to supply insurance in Louisiana, and (3) has minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

**6.**

This Court has original subject matter jurisdiction over this cause of action.

**V.   FACTS OF CRASH**

**7.**

On or about August 15, 2017, Ortegas Coleman was the operator of a 2016 Chevrolet van, traveling west on I-10 in New Orleans, Louisiana in the right most lane of travel, between the I-10/I-610 split and Elysian Fields exit.

**8.**

At the same date and time, Defendant Long, was driving a 2018 International Truck (VIN: 3HSDZAPR4JN632954) with an attached box trailer, west on I-10 in New Orleans, Louisiana in the left most lane of travel, between the I-10/I-610 split and Elysian Fields exit.

**9.**

Suddenly and without warning, Defendant Long traveled from the left most lane of travel into the right most lane of travel striking the driver's side of the Plaintiff's vehicle causing the driver's window to be blown out and extensive damage to the driver's side of the vehicle. Defendant Long failed to stop following the collision and continued traveling until a witness flagged him down.

**10.**

Defendant Long was cited by the New Orleans Police Department for improper lane usage.

3

11.

The vehicle being driven by Defendant Long was owned by STERICYCLE and/or WARD, and Defendant Long was within the course and scope of his employment with STERICYCLE and/or WARD, when he crashed into Plaintiff's vehicle.

## VI.   FAULT OF SHADRACK LONG

12.

The above described August 15, 2017, motor vehicle collision and the resulting injuries to Plaintiff were solely and proximately caused through the negligence of Defendant Long, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## VII.   FAULT OF STERICYCLE, INC.

13.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for

4

maintenance and upkeep; and/or master-servant doctrines, said STERICYCLE is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Long.

### VIII.    LIABILITY OF WELLS FARGO INSURANCE

#### 14.

WELLS FARGO, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, STERICYCLE and/ or WARD, as owner, and Defendant Long, as operator of the insured vehicle, for his negligence in connection with the August 15, 2017 motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, WELLS FARGO, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Long and STERICYCLE and/or WARD.

### IX.    FAULT OF WARD IDEALEASING, LLC

#### 15.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said WARD is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Long.

### X.    LIABILITY OF ABC INSURANCE

#### 16.

WELLS FARGO, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, STERICYCLE and/ or WARD, as owner, and Defendant Long, as operator of the insured vehicle, for his negligence in connection with the August 15, 2017 motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, WELLS FARGO, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Long and STERICYCLE and/or WARD.

5

## XI.   DAMAGES

### 17.

As a result of said August 15, 2017, motor vehicle collision, Mr. Coleman *suffered personal and bodily injuries including, but not limited to, injuries to his right wrist, neck, and back*. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

### 18.

Mr. Coleman's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Long and his failure to operate his vehicle in a proper, prudent, and safe manner.

### 19.

As a result of the motor vehicle collision at issue, Mr. Coleman suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost wages;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiff, Ortegas Coleman, prays that Defendants, SHADRICK LONG, STERICYCLE, INC., WARD IDEALEASING, LLC, WELLS FARGO INSURANCE and ABC INSURANCE COMPANY, be served with a copy of this Petition, and, after being duly cited to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiff and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law,

together with legal interest thereon, from the date of judicial demand until paid in full, as well as

all costs of these proceedings, and all other general and equitable relief.

Respectfully Submitted,

PANDIT LAW FIRM, LLC

BY:

JASON M. BAER (# 31609)
CASEY C. DEREUS (# 37096)
JOSHUA A. STEIN (# 37885)
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: jstein@panditlaw.com
*Counsel for Plaintiff*

**PLEASE SERVE:**

**SHADRACK LONG**
Through Louisiana Long arm statute:

730 Steelwood Court
Mobile, AL 36608

**STERICYCLE, INC**
Through its registered agent via Louisiana Long Arm Statute:

CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**WELLS FARGO INSURANCE**
Through Louisiana Secretary of State:

Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**WARD IDEALEASING, LLC**
Through its registered agent via Louisiana Long Arm Statute:

Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

7



FILED

JAN 31 2019

CLERKS OFFICE
CIVIL DISTRICT COURT

FILED

2018 OCT -9 A 11: 42

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2018-8069                                          DIVISION: C-10

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO
INSURANCE, AND ABC INSURANCE COMPANY

FILED: _____

                                          DEPUTY CLERK

**⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛**

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned Notary Public, personally came and appeared: Stacie

Coleman, who after being duly sworn, stated that on the 19th day of September, 2018, she served

certified copies of the Citation and Petition for Damages in this action under the Louisiana Long

Arm Statute, R.S. 13:3201, pursuant to Section 3204 of Title 13, by mailing them to the defendant,

**SHADRACK LONG, THROUGH THE LOUISIANA SECRETARY OF STATE,** by

certified mail, return receipt requested, properly addressed and postage prepaid; that on or about

September 24, 2018, the Citation and Petition for Damages were delivered to Defendant as

evidenced by the attached signed return green card from the United States Postal Service.



STACIE COLEMAN

SWORN TO AND SUBSCRIBED, before me this ____ day of October, 2018.

JOSHUA A. STEIN, Notary Public
LA Bar Roll No. 37885
State of Louisiana
Commissioned for Life

JOSHUA A. STEIN
Notary Public
Bar No. 37885
State of Louisiana
Commission Issued for Life

VERIFIED
OCT 17 2018

EXHIBIT
_"B"_

1

FILED

2018 OCT -9  A II: 48

CIVIL
DISTRICT COURT

Jason M. Baer
Pandit Law Firm
701 Poydras St., Ste 3950
New Orleans, LA 70139

CERTIFIED MAIL

9414 7116 9900 0577 5126 42

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature □ Addressee or □ Agent
X
B. Received by (Print Printed Name)
C. Date of Delivery
D. Addressee's Address (if different from Address Used by Sender)
Secondary Address / Suite / Apt. / Floor  (Please Print Clearly)
Delivery Address
City          State    ZIP + 4 Code

RETURN RECEIPT REQUESTED
Article Addressed To: Coleman 102.135

Louisiana Secretary of State
Legal Services Section
PO Box 94125
Baton Rouge LA 70804-9125

VERIFIED

 **Pandit Law**



February 18, 2019

Clerk of Court
Civil District Court for the Parish of Orleans
421 Loyola Ave., Room 402
New Orleans, LA 70112

        Re:    *Ortegas Coleman v. Shadrack Long, et al*
                CDC No. 2018-8069, "C-10"
                Our File No. 102.135

Dear Sir/Madam:

Please be advised, Defendant, Shadrack Long, was unable to be served, through the Louisiana Long Arm Statute, with the *Petition for Damages* at the address of 730 Steelwood Court, Mobile, AL 36608. We ask that you re-issue the Long-Arm Citation for the Petition for Damages and serve Defendant, Shadrack Long, as follows:

Shadrack Long
27669 Annabelle Ln
Daphne, AL 36526

Please see enclosed service copy of the Petition for Damages, and a pre-stamped self-addressed envelope so that you may provide our office with the requested documents. Thank you for your assistance with this matter. Please do not hesitate to contact my office if you have any questions or concerns.

With best regards, I remain,

Sincerely,

Jason M. Baer

JMB/dw
Enclosures

701 Poydras St., Suite 3950 | Tel: 504-313-3800
New Orleans, LA 70139 | Fax: 504-313-3820

www.panditlaw.com

ATTORNEY'S NAME:   Baer, Jason M 31609
AND ADDRESS:   701 Poydras Street, Suite 3950 , New Orleans, LA 70139

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2018-08069        **DIVISION: C**        **SECTION: 10**

**COLEMAN, ORTEGAS**

**Versus**

**LONG, SHADRACK ET AL**

**CITATION - LONG ARM**

TO:        LONG, SHADRACK

THROUGH:    THE LOUISIANA LONG ARM STATUTE

             27669 ANNABELLE LN , DAPHNE, AL 36526

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30)

days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through

the "Long Arm Statute" under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\*

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA February 21, 2019**

**Clerk's Office, Room 402, Civil Courts**        **CHELSEY RICHARD NAPOLEON, Clerk of**
**421 Loyola Avenue**                     **The Civil District Court**
**New Orleans, LA**                      **for the Parish of Orleans**
                                         **State of LA**
                                         **by** _____
                                         **Damien Brown, Deputy Clerk**

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON **LONG, SHADRACK** | ON **LONG, SHADRACK** |
| THROUGH: **THE LOUISIANA LONG ARM STATUTE** | THROUGH: **THE LOUISIANA LONG ARM STATUTE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said **LONG, SHADRACK** being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER       RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.   DEPUTY   PARISH | |

FILED
2019 MAR 11   P 05:32
CIVIL
DISTRICT COURT

Service received by _Adrian_

on ___4/10/_____, 20_19_

at ___10:50____ o'clock _a_ .m.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                    DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED:_____   _____
                                        DEPUTY CLERK
*********************************************************************
MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S MOTION TO
CONTINUE THE HEARING ON SHADRACK LONG'S EXCEPTION OF
INSUFFICIENCY OF SERVICE OF PROCESS [AND] EXCEPTION OF LACK OF
PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM IN SUPPORT

*********************************************************************

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Ortegas Coleman,

who requests that this Court to consider Plaintiff's Motion to Continue the Hearing on Shandrack

Long's Exception of Insufficiency of Service of Process and Lack of Personal Jurisdiction on an

expedited basis. The basis of Defendant Long's Exception is that service has not yet been

completed. Currently, Defendant Long's Exception is scheduled to be heard on March 29, 2019.

Plaintiff has already requested updated domiciliary service and will also be pursuing personal

service through a process server. As such, Plaintiff request that this Court expedite its

consideration of Plaintiff's Motion to Continue Hearing to ensure that the hearing to continue the

hearing is heard prior to the currently-scheduled hearing.

WHEREFORE, Plaintiff respectfully request that this Honorable Court expedite its

consideration of Plaintiff's Motion to Continue.

VERIFIED

Christine Thrift

2019 MAR 15   P 03:04

FILED

2019 MAR 11  P 05:32

CIVIL

DISTRICT COURT

Respectfully Submitted,

**PANDIT LAW FIRM, LLC**

BY:  *Casey C. DeReus*

**JASON M. BAER,** Bar No. 31609
**CASEY C. DEREUS,** Bar No. 37096
**JOSHUA A. STEIN,** Bar No. 37885
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: cdereus@panditlaw.com
*Counsel for Plaintiff*

and

**SUTTON LAW FIRM**
**LIONEL H. SUTTON III,** Bar No. 20386
525 Clay Street
Kenner, LA 70062
Telephone: (504) 592-3230
Email: lsutton@suttonlaw.us
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___11th___ day of March, 2019, served a copy of the foregoing pleading to all parties to this proceeding by facsimile, electronic mail and/or depositing same in the United States Mail, properly addressed and postage prepaid.

*Casey C. DeReus*

CASEY C. DEREUS

E-Filed

FILED

2019 MAR 11  P 05:32
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                    DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED:_____          _____

                                                    DEPUTY CLERK

**********************************************************************

MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO CONTINUE THE
HEARING ON SHADRACK LONG'S EXCEPTION OF INSUFFICIENCY OF SERVICE
OF PROCESS [AND] EXCEPTION OF LACK OF PERSONAL JURISDICTION AND
INCORPORATED MEMORANDUM IN SUPPORT

**********************************************************************

<u>ORDER</u>

CONSIDERING THE FOREGOING Motion for Expedited Consideration of Plaintiff's

Motion to Continue;

IT IS ORDERED that Defendant, Shadrack Long, show cause on the _17th_ day of

_May_, 2019, at _9_ o'clock _a.m._ why the Motion for Expedited

Consideration filed by Ortegas Coleman should not be granted.

New Orleans, Louisiana, this _29th_ day of _March_ , 2019.

                                    JUDGE  _Sidney H. Cates, IV_

PLEASE SERVE:

WARD IDEALEASE, LLC, STERICYCLE, INC., AND SHADRACK LONG
Through Counsel of Record:
Donald E. McKay, Esq.
Ryan Casteix, Esq.
Leola Anderson, Esq.
McNeil Kemmerly, Esq.
Leake & Andersson, LLP
1100 Poydras St., Suite 1700
New Orleans, Louisiana 70163

E-Filed

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

VERIFIED

*43499*

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                              DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED:_____        _____
                                                        DEPUTY CLERK

*******************************************************************************

OPPOSITION TO SHANDRACK LONG'S EXCEPTION OF INSUFFICIENCY OF
SERVICE OF PROCESS [AND] EXCEPTION OF LACK OF PERSONAL
JURISDICTION AND INCORPORATED MEMORANDUM IN SUPPORT

*******************************************************************************

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Ortegas Coleman,

who opposes the Exception of Insufficiency of Service of Process and Lack of Personal

Jurisdiction filed by Defendant SHADRACK LONG ("Defendant Long"). For the following

reasons, the Court should deny Defendant's Exception of Insufficiency of Service of Process and

Lack of Personal Jurisdiction:

I.      INTRODUCTION

This lawsuit arises as a result of a motor vehicle collision that occurred on

August 15, 2017, between Plaintiff and Defendant Long, who is employed by Stericycle and lives

out-of-state. The collision occurred on I-10 West near the 1-610 westbound split. On August 14,

2018, Plaintiff filed the present suit in the Civil District Court for the Parish of Orleans.

II.     FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2018, Plaintiff sent certified copies of the citation and Petition for Damages

to Defendant Long's address, as listed on the accident report, via certified mail.

On September 19, 2018, Plaintiff sent service copies of the citation and Petition for

Damages to the Louisiana Secretary of State, as Defendant Long's legal agent for service of

process, via certified mail. On October 1, 2018, undersigned counsel received a letter for the

1

FILED

2019 MAR 11  P 05:30

CIVIL

DISTRICT COURT

Louisiana Secretary of State stating they were unable to serve Defendants Long at the address provided as he was no longer at that address.[1]

On February 15, 2019, Defendants file an Exception of Insufficiency of Service of Process.

Plaintiff requested a re-issuance of service for Defendant Long's new address on February 18, 2019.  On February 25, 2019, Plaintiff sent certified copies of the citation and Petition to Defendant Long via certified mail.  Delivery was attempted, and notice left, on February 28, 2019.  However, to date Defendant Long has refused to accept delivery.  Currently, Defendant Long has until March 14, 2019 to reschedule delivery of his item.  He has not yet rescheduled.[2]

On, March 8, 2019, out of an abundance of caution, Plaintiff sent the Petition and Citation via private courier.  Also out of an abundance of caution, Plaintiff will also be filing a Motion to Appoint a private process server by no later than, March 12, 2019.

Plaintiff is also filing a Motion to Continue the Hearing Date contemporaneously with this opposition.  If granted, the Motion to Continue will enable the Plaintiff the necessary time to perfect service, thus making Defendant's Exception MOOT.

III.    LAW AND ANALYSIS

Under Louisiana law, an out-of-state defendant motorist can be served in multiple ways, including (1) personal service, (2) domiciliary service, or (3) by service on the Secretary of State of Louisiana.  La. C.C.P. arts. 1231, 1235; La. R.S. § 13:3474.  Service on the Secretary of State of Louisiana shall be made by serving a copy of the petition and citation on the Secretary of State and that is sufficient so long as the plaintiff also does one of four possible follow-up measures. La. R.S. §§ 13:3474–13:3475.  Some of the possible follow-up measures includes providing notice of this service, together with a copy of the petition and citation, via certified mail with receipt requested and returned receipt filed in the proceedings.

As outlined above, Plaintiff has exercised due diligence in attempting to effectuate service. Now, out of an abundance of caution, and to finalize the service issue one and for all, Plaintiff has

---

[1] On October 9, 2018, Plaintiff filed an affidavit of service stating that both the citation and petition were served upon the Louisiana Secretary of State.
[2] See Exhibit 1, Tracking Records for February 25, 2019 Mailing.

FILED

2019 MAR 11   P 05:30

CIVIL

DISTRICT COURT

both attempted domiciliary service (by sending the citation and petition to the new address) and will also, out of an abundance of caution, be pursuing personal service by filing a Motion to Appoint a Process Server.  For all of these reasons, Plaintiff requests that this Honorable Court CONTINUE the hearing currently set for March 29, 2019 to allow Plaintiff additional time to effectuate service.

### IV.    CONCLUSION

Plaintiff has engaged in exhaustive attempts to serve Defendant Long in this matter. Unfortunately, many delays were caused beyond Plaintiff's control, including the fact that the address listed on the Police Report was no longer valid.  Now, Plaintiff is taking additional steps to perfect both personal and domiciliary service.   Plaintiff is asking this Court in a contemporaneously-filed motion to CONTINUE the hearing on Defendant's Exception.  If granted, the Motion to Continue will enable the Plaintiff the necessary time to perfect service, thus making Defendant's Exception MOOT.  As such, this Court should DENY IN FULL Defendant's Exception or, in the alternative, enable Plaintiff additional time to perfect service by continuing the hearing date.

SIGNATURE BLOCK CONTINUED ON FOLLOWING PAGE

3

**FILED**

2019 MAR 11   P 05:30

CIVIL

DISTRICT COURT

Respectfully Submitted,

**PANDIT LAW FIRM, LLC**

BY: *Casey C. DeReus*

**JASON M. BAER**, Bar No. 31609
**CASEY C. DEREUS**, Bar No. 37096
**JOSHUA A. STEIN**, Bar No. 37885
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: cdereus@panditlaw.com
*Counsel for Plaintiff*

and

**SUTTON LAW FIRM**
**LIONEL H. SUTTON III**, Bar No. 20386
525 Clay Street
Kenner, LA 70062
Telephone: (504) 592-3230
Email: lsutton@suttonlaw.us
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 11th day of March, 2019, served a copy of the foregoing pleading to all parties to this proceeding by facsimile, electronic mail and/or depositing same in the United States Mail, properly addressed and postage prepaid.

*Casey C. DeReus*
CASEY C. DEREUS

4

FILED

2019 MAR 11   P 05:29

CIVIL

DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                                           DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED:_____          _____

                                                   DEPUTY CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO CONTINUE THE HEARING ON SHANDRACK LONG'S EXCEPTION
OF INSUFFICIENCY OF SERVICE OF PROCESS [AND] EXCEPTION OF LACK OF
PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM IN SUPPORT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Ortegas Coleman,

who moves to continue the Exception of Insufficiency of Service of Process and Lack of Personal

Jurisdiction filed by Defendant SHADRACK LONG ("Defendant Long"). For the following

reasons, the Court should continue the hearing on Defendant's Exception of Insufficiency of

Service of Process and Lack of Personal Jurisdiction:

**I.      INTRODUCTION**

This lawsuit arises as a result of a motor vehicle collision that occurred on

August 15, 2017, between Plaintiff and Defendant Long, who is employed by Stericycle and lives

out-of-state. The collision occurred on I-10 West near the I-610 westbound split. On August 14,

2018, Plaintiff filed the present suit in the Civil District Court for the Parish of Orleans.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

On August 21, 2018, Plaintiff sent certified copies of the citation and Petition for Damages

to Defendant Long's address, as listed on the accident report, via certified mail.

On September 19, 2018, Plaintiff sent service copies of the citation and Petition for

Damages to the Louisiana Secretary of State, as Defendant Long's legal agent for service of

process, via certified mail. On October 1, 2018, undersigned counsel received a letter for the

1

FILED

2019 MAR 11  P 05:29

CIVIL

DISTRICT COURT

Louisiana Secretary of State stating they were unable to serve Defendants Long at the address provided as he was no longer at that address.[1]

On February 15, 2019, Defendants filed an Exception of Insufficiency of Service of Process.

Plaintiff requested a re-issuance of service for Defendant Long's new address on February 18, 2019.  On February 25, 2019, Plaintiff sent certified copies of the citation and Petition to Defendant Long via certified mail.  Delivery was attempted, and notice left, on February 28, 2019.  However, to date Defendant Long has refused to accept delivery.  Currently, Defendant Long has until March 14, 2019 to reschedule delivery of his item.  He has not yet rescheduled.[2]

On, March 8, 2019, out of an abundance of caution, Plaintiff sent the Petition and Citation via private courier.  Also out of an abundance of caution, Plaintiff will also be filing a Motion to Appoint a private process server by no later than, March 12, 2019.

## III.    LAW AND ANALYSIS

Under Louisiana law, an out-of-state defendant motorist can be served in multiple ways, including (1) personal service, (2) domiciliary service, or (3) by service on the Secretary of State of Louisiana.  La. C.C.P. arts. 1231, 1235; La. R.S. § 13:3474.  Service on the Secretary of State of Louisiana shall be made by serving a copy of the petition and citation on the Secretary of State and that is sufficient so long as the plaintiff also does one of four possible follow-up measures. La. R.S. §§ 13:3474–13:3475.  Some of the possible follow-up measures includes providing notice of this service, together with a copy of the petition and citation, via certified mail with receipt requested and returned receipt filed in the proceedings.

As outlined above, Plaintiff has exercised due diligence in attempting to effectuate service. Now, out of an abundance of caution, and to finalize the service issue once and for all, Plaintiff has both attempted domiciliary service (by sending the citation and petition to the new address) and will also, out of an abundance of caution, be pursuing personal service by filing a Motion to

---

[1] On October 9, 2018, Plaintiff filed an affidavit of service stating that both the citation and petition were served upon the Louisiana Secretary of State.
[2] See Exhibit 1, Tracking Records for February 25, 2019 Mailing.

2

FILED

2019 MAR 11  P 05:29

CIVIL

DISTRICT COURT

Appoint a Process Server.  For all of these reasons, Plaintiff requests that this Honorable Court CONTINUE the hearing currently set for March 29, 2019 to allow Plaintiff additional time to effectuate service.

## IV.   CONCLUSION

Plaintiff has engaged in exhaustive attempts to serve Defendant Long in this matter. Unfortunately, many delays were caused beyond Plaintiff's control, including the fact that the address listed on the Police Report was no longer valid.  Now, Plaintiff is taking additional steps to perfect both personal and domiciliary service.  As such, Plaintiff asks this Court to GRANT this Motion to Continue the hearing on the Exception to Insufficiency of Service of Process and Lack of Personal Jurisdiction to allow Plaintiff the time to perfect service in these ways.

Respectfully Submitted,

PANDIT LAW FIRM, LLC

BY:   *Casey DeReus*

JASON M. BAER, Bar No. 31609
CASEY C. DEREUS, Bar No. 37096
JOSHUA A. STEIN, Bar No. 37885
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: cdereus@panditlaw.com
*Counsel for Plaintiff*

and

SUTTON LAW FIRM
LIONEL H. SUTTON III, Bar No. 20386
525 Clay Street
Kenner, LA 70062
Telephone: (504) 592-3230
Email: lsutton@suttonlaw.us
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 11th day of March, 2019, served a copy of the foregoing pleading to all parties to this proceeding by facsimile, electronic mail and/or depositing same in the United States Mail, properly addressed and postage prepaid.

*Casey DeReus*

CASEY C. DEREUS

3

E-Filed

FILED

2019 MAR 27  P 02:25

CIVIL

DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.:  2018-8069                                                      DIVISION: C-10

### ORTEGAS COLEMAN

### VERSUS

### SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____          _____

                                                                    **DEPUTY CLERK**
*****************************************************************************

## MOTION TO APPOINT A SPECIAL PROCESS SERVER AND INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Ortegas Coleman, who respectfully represents to this Honorable Court that the Citation and Petition for Damages directed to Defendant, Shadrack Long, was unable to be served via the Louisiana Long Arm Statute.

On August 21, 2018, Plaintiff sent certified copies of the citation and Petition for Damages to Defendant Long's address, as listed on the accident report, via certified mail.

On September 19, 2018, Plaintiff sent service copies of the citation and Petition for Damages to the Louisiana Secretary of State, as Defendant Long's legal agent for service of process, via certified mail. On October 1, 2018, undersigned counsel received a letter for the Louisiana Secretary of State stating they were unable to serve Defendants Long at the address provided as he was no longer at that address.

Plaintiff requested a re-issuance of service for Defendant Long's new address on February 18, 2019. On February 25, 2019, Plaintiff sent certified copies of the citation and Petition to Defendant Long via certified mail. Delivery was attempted, and notice left, on February 28, 2019. However, Defendant Long did not respond to the notice and the certified copies were left unclaimed and returned to sender.

On March 8, 2019, out of an abundance of caution, Plaintiff sent the Petition and Citation via commercial carrier. Multiple attempts were made to serve the Defendant by commercial carrier, before the Petition and Citation were returned to sender.

FILED

2019 MAR 27   P 02:25

CIVIL

DISTRICT COURT

Consequently, Plaintiff respectfully moves that, Representative(s) of Alacrity Legal Services, Alabama, resident(s) over the age of majority and not party to this action, be appointed as a special process server(s) to serve Defendant with the Citation and Petition for Damages.

Respectfully Submitted,

**BAER LAW, LLC**

BY:

**JASON M. BAER (# 31609)**
**JOSHUA A. STEIN (# 37885)**
3000 Kingman St., Ste 200
Metairie, LA 70006
Telephone: (504) 372-0111
Facsimile: (504) 372-0151
Email: jbaer@baerlawllc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___27___ day of March 2019, served a copy of the foregoing pleading on counsel for all parties to this proceeding either by e-mail, facsimile or by mailing the same by United States mail, properly addressed and first class postage prepaid.

JOSHUA A. STEIN

FILED

2019 MAR 27   P 02:25

CIVIL

DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.:  2018-8069

DIVISION: C-10

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED:_____          _____

                                                                 DEPUTY CLERK

*********************************************************************************

## ORDER

Considering the foregoing motion;

**IT IS ORDERED** that, Representative(s) of Alacrity Legal Services, be and hereby are

appointed a special process server(s) to serve Shadrack Long with the Citation and Petition for

Damages.

**MAR 2 9 2019**

New Orleans, Louisiana this _____ day of _____, 2019.

_____

JUDGE

Sgd, Paulette R. Irons

Judge, Division M, Section 13

E-Filed

FILED

2019 APR 23  AM 9: 47

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.    2018-8069                                    DIVISION: C-10

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO
INSURANCE, AND ABC INSURANCE COMPANY

FILED: _____       _____
                                       **DEPUTY CLERK**

*******************************************************************************************

## JOINT MOTION TO WITHDRAW AND SUBSTITUTE COUNSEL OF RECORD

NOW INTO COURT, come the undersigned parties, and upon suggesting to this Honorable

Court that PANDIT LAW FIRM, and its affiliated attorneys, RAJAN PANDIT, JASON M. BAER,

CASEY C. DEREUS, AND JOSHUA A. STEIN, are no longer retained to represent the interests of

the plaintiff, ORTEGAS COLEMAN, in this matter, and therefore respectfully move for an Order

effectuating their withdrawal from this instant matter; and who upon further suggesting to this

Honorable Court that BAER LAW, LLC, and its affiliated attorneys, JASON M. BAER, JOSHUA

A. STEIN AND CASEY C. DEREUS, have been retained on behalf of the plaintiff, ORTEGAS

COLEMAN, and hereby respectfully move this Honorable Court for an Order enrolling BAER

LAW, LLC, and its affiliated attorneys, JASON M. BAER, JOSHUA A. STEIN AND CASEY C.

DEREUS, as counsel of record for the plaintiff, ORTEGAS COLEMAN.

Respectfully submitted,

**BAER LAW, LLC**

BY: _____
**JASON M. BAER (#31609)**
**JOSHUA A. STEIN (#37885)**
**CASEY C. DEREUS (#37096)**
3000 Kingman, Suite 200
Metairie, LA  70006
Telephone: (504) 372-0111
Facsimile: (504) 372-0151
Email: jbaer@baerlawllc.com

**PANDIT LAW FIRM, LLC**

BY: _____

**RAJAN PANDIT,** Bar No. 32215
**JASON M. BAER,** Bar No. 31609
**CASEY C. DEREUS,** Bar No. 37096
**JOSHUA A. STEIN,** Bar No. 37885
Hancock Whitney Center
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:      (504) 313-3800
Facsimile:      (504) 313-3820

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __15__ day of April, 2019, served a copy of the foregoing pleading on counsel for all parties to this proceeding by e-mailing, faxing, or mailing same by United States mail, properly addressed and first class postage prepaid.

_____
JASON M. BAER

2

FILED

2019 APR 23  AM 9: 07

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.    2018-8069                                    DIVISION: C-10

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC, WELLS FARGO
INSURANCE, AND ABC INSURANCE COMPANY

FILED: _____        _____
                                        DEPUTY CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

CONSIDERING THE FOREGOING MOTION:

IT IS THE ORDER OF THE COURT that the law firm of PANDIT LAW FIRM, and its

affiliated attorneys, RAJAN PANDIT, JASON M. BAER, CASEY C. DEREUS, AND JOSHUA

A. STEIN, are hereby withdrawn as counsel of record for the plaintiff, ORTEGAS COLEMAN.

IT IS FURTHER ORDERED BY THIS COURT that BAER LAW, LLC, and its

affiliated attorneys, JASON M. BAER, JOSHUA A. STEIN AND CASEY C. DEREUS, located

at 3000 Kingman Street, Suite 200, Metairie, LA 70006; Telephone: (504) 372-0111; Facsimile:

(504) 372-0151  be enrolled as counsel of record for the Plaintiff, ORTEGAS COLEMAN.

Done this 23Rd day of ___April___, 2019, at New Orleans, Louisiana.

(Sgd.) Rachael D. Johnson
Judge, Division "B"
A TRUE COPY

_____
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

3

ATTORNEY'S NAME:    Stein, Joshua A 37885
AND ADDRESS:    3000 Kingman Street Suite 200, Metairie, LA 70006

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2018-08069                 DIVISION: C                      SECTION: 10
                               COLEMAN, ORTEGAS

**Versus**

**LONG, SHADRACK ET AL**

## CITATION

TO:         LONG, SHADRACK

THROUGH:    A REPRESENTATIVE(S) OF ALACRITY LEGAL SERVICES APPOINTED SPECIAL
            PROCESS SERVER

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)
days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA May 15, 2019**

**Clerk's Office, Room 402, Civil Courts**              **CHELSEY RICHARD NAPOLEON, Clerk of**
**421 Loyola Avenue**                                    **The Civil District Court**
**New Orleans, LA**                                      **for the Parish of Orleans**
                                                         **State of LA**
                                                         **by**
                                                         **Christine Thrift, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this_____ day of _____ served a copy of the within | On this_____ day of _____ served a copy of the within |
| Petition for Damages | Petition for Damages |
| ON  LONG, SHADRACK | ON  LONG, SHADRACK |
| THROUGH:  A REPRESENTATIVE(S) OF ALACRITY LEGAL SERVICES APPOINTED SPECIAL PROCESS SERVER | THROUGH:  A REPRESENTATIVE(S) OF ALACRITY LEGAL SERVICES APPOINTED SPECIAL PROCESS SERVER |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said LONG, SHADRACK being absent from the domicile at time of said service. |
| _____ No. _____ |  |
| Deputy Sheriff of _____ |  |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ . |
| PAPER              RETURN | Deputy Sheriff of_____ |
| _____ /                    / _____ |  |
| SERIAL NO.      DEPUTY         PARISH |  |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                          DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____      DEPUTY CLERK: _____

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through counsel, comes defendant, Shadrack Long ("Long"), who responds to plaintiff, Ortegas Coleman's Petition for Damages, as follows:

### GENERAL DENIAL

Defendant denies each and every factual allegation and/or legal conclusion set forth in the Petition for Damages not specifically admitted hereinafter.

### ANSWER TO PETITION FOR DAMAGES

I.

The allegations of Paragraph 1 are denied for a lack of information sufficient to justify a reasonable belief therein, except Long admits that Coleman claims that a motor vehicle accident occurred on August 15, 2017, involving a vehicle operated by Coleman and a vehicle operated by Long. Further answering the allegations of this Paragraph, Long admits that on August 15, 2017 he was operating a vehicle in Orleans Parish, Louisiana.

II.

The allegations of Paragraph 2 are admitted, on information and belief.

III.

In response to the allegations of Paragraph 3, Defendant admits that he is a person of the full age of majority and a resident of and domiciled in the County of Mobile, State of Alabama; on information and belief, that Stericycle is a Delaware corporation and has its principal place of business in Illinois; on information and belief, that Ward Idealease, LLC is a limited liability company, organized under the laws of a State other than Louisiana and that it is comprised of

-1-

two members, one a citizen of the State of Alabama and the other a citizen of the State of Delaware and the State of Alabama; and that on August 15, 2017 Ward Idealease, LLC owned a 2018 International Truck bearing VIN: 3HSDZAPR4JN632954.

Further answering this Paragraph, Defendant denies that he caused a motor vehicle collision on August 15, 2017; or that he was employed by Ward Idealease, LLC on August 15, 2017.

The allegations regarding Wells Fargo Insurance, contained in this Paragraph, are denied for lack of sufficient information, other than, on information and belief, Long admits that Wells Fargo is a foreign corporation, authorized to do business in Louisiana, incorporated in a state other than Louisiana and having its principal place of business in a state other than Louisiana; and on information and belief, Long also denies that Stericycle owned the vehicle operated by him on August 15, 2017.

The allegations regarding ABC Insurance Company require no response by Long.

The remainder of the factual allegations contained in this Paragraph are denied for lack of sufficient information.

The legal conclusions contained in this Paragraph, particularly that Long was driving in the course and scope of his employment, require no response by Long.

IV.

In response to Paragraph 4, Long admits that Plaintiff is domiciled in Orleans Parish, Louisiana. The remainder of Paragraph 4 consists of statement(s) of legal conclusions and not allegations of fact, which statements of legal conclusions require no response by Long. In the event it is determined that a response is required to the remainder of Paragraph, Long denies same.

V.

Paragraphs 5 and 6 consist entirely of legal conclusions, and, as such, require no response. However, in the event a response is required, the allegations contained therein are denied.

VI.

The allegations of Paragraph 7 are denied for lack of information.

VII

In response to the allegations of Paragraph 8, on information and belief, Long admits that he was operating a 2018 International Truck with an attached trailer on August 15, 2017 in the City of New Orleans but denies for lack of information, the remainder of the allegations of this Paragraph.

VIII.

The allegations of Paragraph 9 are denied.

IX.

In response to the statement contained in Paragraph 10, pursuant to article 964 of the Louisiana Code of Civil Procedure, Long moves to strike the statement contained in Paragraph 10, as it is immaterial.

X.

In response to Paragraph 11, Long denies that he crashed into Plaintiff's vehicle. Further answering, on information and belief, Long denies that Stericycle owned the vehicle and admits that Ward owned the vehicle operated by Mr. Long on August 15, 2017.

The remainder of this Paragraph consists of legal conclusions; and require no response by Long.

XI.

The allegations of Paragraphs 12 and 13 are denied.

XII.

The factual allegations contained in Paragraph 14, on information and belief are denied, other than Long admits that he was operating a vehicle on August 15, 2017. The legal conclusions contained in this Paragraph require no response by Long. Further answering this Paragraph Long denies that he was at fault and/or negligent at any time relevant hereto.

XIII.

Paragraphs 15 and 16 are denied.

XIV.

The allegations contained in Paragraphs 17-19 are denied for lack of sufficient information to justify a belief therein.

XV.

Long denies any misnumbered or unnumbered paragraph and denies that Plaintiff is entitled to the relief for which he prays.

And now further answering, Long avers:

### AFFIRMATIVE DEFENSES AND OTHER RESPONSES

Long asserts the following affirmative defenses and additional responses to the Petition for Damages filed by Plaintiff, Ortegas Coleman:

### FIRST AFFIRMATIVE DEFENSE

The Petition for Damages fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Long avers that the claims, damages, and other relief requested or set forth in the Petition for Damages arose from the negligence and/or want of due care on the part of Plaintiff, Ortegas Coleman.

### THIRD AFFIRMATIVE DEFENSE

In the alternative, Long avers that in the event the claims, damages, and other relief requested or set forth in the Petition for Damages arose from the negligence and/or want of due care of on the part of parties other than Long; and/or other natural and juridical persons and/or other circumstances that same bar or alternatively reduce any right of recovery against Long.

### FOURTH AFFIRMATIVE DEFENSE

Alternatively, any damages awarded to Plaintiff should be proportionately reduced by the percentage of his fault and/or the percentage of fault of any and all other parties or third parties.

### FIFTH AFFIRMATIVE DEFENSE

Long avers that to the extent Plaintiff makes any recovery over and against him, that said recovery must be reduced in the event it is shown that Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Alternatively, Long is entitled to a credit for any payments benefiting Plaintiff which have been made or may in the future be made by and/or on his behalf; or by any other party in favor of Plaintiff.

-4-

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are the result of pre-existing or subsequently occurring conditions which are unrelated to the conduct of Long or any person or entity for whom he may bear responsibility.

**EIGHTH AFFIRMATIVE DEFENSE**

Long hereby gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery; and, thus, reserves the right to amend his answer to assert any such defenses.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Long are barred, in whole or in part, by the principles of acquiescence, consent, amendment, modification, merger, estoppel, waiver, legal justification, license, excuse and/or privilege, transaction and compromise, payment, set off, failure or lack of consideration, and by his own particular acts and omissions.

**TENTH AFFIRMATIVE DEFENSE**

Alternatively, Plaintiff failed to take reasonable or appropriate conduct in order to avoid, prevent or mitigate any damages that he alleges or claims to have suffered or sustained as described in the Petition for Damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, or alternatively reduced, by the doctrine of avoidable consequences.

**WHEREFORE,** Defendant, Long prays that: (1) his Answer be deemed good and sufficient; (2) after due proceedings, judgment be granted in his favor, dismissing the Petition for Damages filed by Ortegas Coleman, against Long, with prejudice and at Plaintiff's cost; (3) for trial by jury on all issues; and (4) the Court grant any general, equitable or other relief to which Long may be entitled.

Respectfully submitted:

**DONALD E. McKAY, JR. (#14207)**
**RYAN M. CASTEIX (#31656)**
**LEOLA M. ANDERSON (#30377)**
**McNEIL J. KEMMERLY (#15000)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
rcasteix@leakeandersson.com
dmckay@leakeandersson.com
landerson@leakeandersson.com
mkemmerly@leakeandersson.com

***Attorneys for Defendant, Shadrack Long***


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by facsimile transmission, or by electronic transmission on May 23, 2019, at their last known address of record.

McNeil Kemmerly

CP/43255/522

-6-

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8069                                        DIVISION "C-10"

ORTEGAS COLEMAN

VERSUS

SHADRACK LONG, STERICYCLE, INC., WARD IDEALEASE, LLC,
WELLS FARGO INSURANCE AND ABC INSURANCE COMPANY

FILED: _____     DEPUTY CLERK: _____

## REQUEST FOR WRITTEN NOTICE

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Shadrack Long,

who, in accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil

Procedure, requests that the Clerk of this Honorable Court provide written notice by mail at least

ten (10) days in advance of any date fixed for any trial or hearing of this cause, whether on the

merits or on exceptions, rules, motions or the amendments thereof; and written notice of the

signing of any final judgment/and or the rendition of any interlocutory order or judgment in these

proceedings, as provided for in Louisiana Code of Civil Procedure Articles 1913 and 1914.

Respectfully submitted:

**DONALD E. McKAY, JR. (#14207)**
**RYAN M. CASTEIX (#31656)**
**LEOLA M. ANDERSON (#30377)**
**McNEIL J. KEMMERLY (#15000)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775
rcasteix@leakeandersson.com
dmckay@leakeandersson.com
landerson@leakeandersson.com
mkemmerly@leakeandersson.com
*Attorneys for Defendant, Shadrack Long*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record,
either by depositing a copy of same in the United States mail, first class postage prepaid, by hand
delivery, by facsimile transmission, or electronic transmission on May 23, 2019, at their last
known address of record.

McNeil J. Kemmerly